# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      No. CV 11-0698 WJ/DJS
                                                          CR 10-02684 WJ

ANDRES CARMONA-MIRANDA,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 2255 R. 4(b), on Defendant's Motion Pursuant To 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (CV Doc. 1).[1] Defendant is serving a sentence imposed after his conviction for re-entry of a removed alien, *see* 8 U.S.C. § 1326(a), (b), and false representation of citizenship, *see* 18 U.S.C. § 911.  In summary, the motion asserts in four claims that Defendant was prosecuted for unlawful re-entry after a prior deportation that had not been subjected to judicial review and was unfair and erroneous.  Defendant also asserts that his deportation and subsequent criminal prosecution caused severe hardship to him and his family.

Defendant's allegations do not support claims under § 2255, which allows relief where "the sentence was imposed in violation of the Constitution or laws of the United States . . . , or . . . the sentence was in excess of the maximum authorized by law."  § 2255.  Defendant makes no allegation that the original order of deportation underlying his illegal re-entry prosecution was vacated or reversed.  His allegations of erroneous deportation are thus legally insufficient to support

---

[1] Defendant also filed a motion (CV Doc. 2) to withdraw a guilty plea that he entered in 1977 in a criminal proceeding in Illinois.  This relief must be pursued in the court where Defendant made the plea.

an attack under § 2255 on his subsequent re-entry conviction. *See Allingston-Rose v. United States*, No. 07-CV-3184, 2007 WL 4557642, at *4-*6 (D.N.J. Dec. 21, 2007). And allegations of family hardship caused by his deportation and prosecution are not cognizable in a challenge of his criminal conviction. *See, e.g., United States v. Tyler*, 417 F. Supp. 2d 80, 82, 85 (D. Me. 2006). Defendant is not entitled to relief, *see* 28 U.S.C. § 2255 R. 4(b), and his § 2255 motion must be dismissed.

Furthermore, *sua sponte* under 28 U.S.C. § 2255 R. 11, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Pursuant To 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence (CV Doc. 1) is DISMISSED with prejudice; other pending motions are DENIED as moot; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE